# UNITED STATES DISTRICT COURT
for the
Eastern District of California



FILED
APR 29 2015
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

| | | |
|---|---|---|
| United States of America<br>v.<br>ARMANDO PEREZ,<br>AKA, "MAX,"<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.<br><br>1: 15 MJ 0 0 0 6 7 SAB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 9 and 21, 2015__ in the county of __Fresno__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §841(a)(1) | The defendant possessed with intent to distribute mixtures containing a detectable amount of methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See affidavit of Special Agent John Rabaut, attached hereto and incororated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John Rabaut, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/29/2015

_____
*Judge's signature*

Stanley A. Boonel, US Magistrate Court Judge
*Printed name and title*

City and state: Fresno, California

# AFFIDAVIT

I, John T. Rabaut, Special Agent, Drug Enforcement Administration, United States Department of Justice, being duly sworn, do declare and state:

1. I have been employed as a Special Agent with the Drug Enforcement Administration (DEA) since January 2013 and am presently assigned to the Drug Enforcement Administration Resident Office in Fresno, California. I have successfully completed a seventeen (17) week DEA Basic Agent Training Academy at the Drug Enforcement Administration Academy in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including, but not limited to Title 21, United States Code, sections 841 and 846. Additionally, I have discussed with numerous law enforcement officers, defendants, and informants, the methods and practices used by narcotics distributors. I have also been the affiant of previous federal and state search warrants and have testified in court about narcotics.

2. Further, I have completed various training programs provided by the DEA and local law enforcement agencies, including, but not limited to training on identifying characteristics associated with the manufacture, sale, and transportation of various narcotics, including, but not limited to phencyclidine (PCP), methamphetamine, heroin, cocaine, and marijuana. These training programs involved the use, possession, packaging, sale, concealment, manufacturing, and transportation of various controlled substances as well as its precursors and chemicals used in the manufacturing process. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, manufacturing, and transportation of narcotics and the collection of money proceeds of narcotics trafficking. I have assisted on the execution of several federal and state narcotics search warrants that resulted in the arrest of suspects and seizure of narcotics.

3. I have participated in other narcotics investigations, either as a case agent or in a supporting role. I also have debriefed defendants, informants, and witnesses who had personal knowledge regarding narcotics trafficking organizations. Additionally, I have participated in many other aspects of drug investigations including, but not limited to,

1

1 undercover operations, conducting physical and electronic surveillance, and arrests. These
2 investigations have included the unlawful manufacture, possession, distribution, and
3 transportation of controlled substances, as well as conspiracies associated with criminal
4 narcotics, in violation of Title 21, United States Code, sections 841(a)(1), 841(c)(2), 843, and
5 846, along analogous sections of the State of California Health and Safety Code.

6   4.   This Affidavit supports a complaint charging Armando PEREZ with the intent
7 to distribute methamphetamine which is a Schedule II controlled substance, in violation of
8 Title 21, United States Code, section 841(a)(1).

9 **PROBABLE CAUSE**

10   5.   On April 9, 2015, at approximately 4:00 PM, Deputy Varela met with
11 Armando PEREZ (hereinafter referred to as "PEREZ") in the parking lot of Mariscos Costa
12 Azul, located at 4815 East McKinley Avenue, Fresno, CA. PEREZ arrived to the meeting
13 driving a gold Saturn, bearing California license plate 7GLH597. During this meeting,
14 PEREZ provided Deputy Varela with approximately one ounce of suspected
15 methamphetamine in a clear plastic bag. After the meeting, Deputy Varela gave me the clear
16 plastic bag that contained the suspected methamphetamine and I transported it back to the
17 DEA Fresno Resident Office for processing into evidence. I conducted a presumptive field
18 test on the suspected methamphetamine at the DEA Fresno Resident Office. The substance
19 tested positive for the presence of methamphetamine.[1]

20   6.   On April 21, 2015, Deputy Varela was provided with $4,200 Official
21 Approved Funds (OAF) to purchase approximately one pound of methamphetamine from
22 PEREZ. At approximately 12:30 PM, Deputy Varela, acting in an undercover capacity, met

---

[1] On April 15, 2015, at approximately 7:00 AM, surveillance was established at 2442 East Willis Avenue, Fresno, CA (the location to which agents followed PEREZ after the April 9, 2015 ounce deal). At approximately 8:30 AM, I observed a Gold Saturn pull out of the drive way of the residence located at 2442 East Willis Avenue, Fresno, CA. The license plate of the vehicle was 7GLH597. At approximately 8:45 AM, Fresno County Deputy Daniel Larralde conducted a traffic stop on the Saturn. The driver of the Saturn provided Deputy Larralde with a Baja California, Mexico, driver's license. The name on the driver's license was Armando PEREZ. At approximately 8:55 AM, the traffic stop was terminated. I subsequently showed Deputy Varela a photo of the drivers license and she confirmed that Armando PEREZ was the individual that provided her with the once ounce sample of methamphetamine.

2

1  with PEREZ at the McDonalds located at 6741 North Riverside Avenue, Fresno, CA. During
2  this meeting PEREZ provided Deputy Varela with a brown paper bag. Inside of the brown
3  paper bag was another clear plastic bag that contained approximately one pound of suspected
4  methamphetamine. Deputy Varela then gave PEREZ the $4,200 OAF.

5      7.    At the end of the meeting, I met with Deputy Varela at a predetermined
6  location and she provided me with the brown paper bag that PEREZ gave her. Inside of the
7  brown bag I observed the clear plastic bag that contained approximately one pound of
8  suspected methamphetamine. I subsequently transported the brown paper bag and its contents
9  to the DEA Fresno Resident Office for processing into evidence. While at the DEA Fresno
10 Residnet Office, I conducted a presumptive field test on the suspected methamphetamine,
11 which tested positive for the presence of methamphetamine.

12     8.    Based on the information in this affidavit, there is probable cause that PEREZ
13 knowingly and intentionally conspired to possess with an intent to distribute
14 methamphetamine in violation of 21, United States Code, section 841(a)(1): I declare under
15 penalty of perjury that the foregoing is true and correct to the best of my knowledge.

John T. Rabaut, Special Agent
United States Drug Enforcement Administration

Reviewed and approved as to from:

/s/Kimberly A. Sanchez
Kimberly Sanchez
Assistant United States Attorney

Subscribed to and Sworn before me
On this 29th day of April 2015.

Honorable Stanley A. Boone
United States Magistrate Judge

3